**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-22204-KMM

JENNIFER MARIE CAHILL,

    Plaintiff,

v.

UR MENDOZA JADDOU,
*Director, U.S. Citizenship and Immigration Services*,

    Defendant.

_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon the Motion to Dismiss filed by Defendant Ur Mendoza Jaddou, Director of United States Citizenship and Immigration Services ("USCIS" or "Defendant"). ("Motion" or "Mot.") (ECF No. 23). The matter was referred to the Honorable Lauren Fleischer Louis, United States Magistrate Judge, (ECF No. 29), who subsequently issued a Report and Recommendations, ("R&R") (ECF No. 30). Magistrate Judge Louis recommended that Defendant's Motion be GRANTED IN PART and that Count I of Plaintiff, Jennifer Marie Cahill's ("Plaintiff") Complaint arising under the Mandamus Act ("Compl.") (ECF No. 1) be DISMISSED for lack of subject matter jurisdiction. However, Magistrate Judge Louis recommended that Defendant's Motion be DENIED IN PART as to Count II of Plaintiff's Complaint arising under the Administrative Procedure Act ("APA"). *See id.* Defendant filed objections to the R&R ("Obj.") on February 21, 2023. (ECF No. 31). The matter is now ripe for review. As set forth below, the Court ADOPTS IN PART and DENIES IN PART the R&R.

## I.      BACKGROUND

The factual circumstances of this case have been discussed at length, both in the Parties' pleadings and in Magistrate Judge Louis's R&R. Nevertheless, this Court briefly restates the facts relevant to its analysis below.

### A. Factual Allegations

On June 15, 2021, Plaintiff Jennifer Marie Cahill commenced this action against Defendant Tracy Renaud, the Acting Director of United States Citizenship and Immigration Services. (ECF No. 1).[1] In the Complaint, Plaintiff alleges that USCIS has "unreasonably delayed" the adjudication of her I-526 Petition, which is a necessary step to gain permanent residency in the United States. *See generally* Compl. Accordingly, Plaintiff, seeks relief pursuant to both the Mandamus Act and the APA. *See id.*

Plaintiff is a Canadian citizen seeking permanent residency in the United States under the EB-5 Immigrant Investor Program. *See id.* ¶ 1, 7. To obtain a permanent residency through this program, an individual must first file a I-526 petition that demonstrates the individual has (1) invested sufficient capital[2] into a commercial enterprise, and (2) that the investment will "benefit the full-time employment for not fewer than 10 United States citizens." 8 U.S.C. § 1153(b)(5). Plaintiff alleges that she filed the I-526 petition and that USCIS issued a notice confirming receipt of the form on November 15, 2019. *See* Compl. ¶ 1, 8. To date, this Court understands that the I-526 petition has not yet been processed, meaning that the immigration petition has been pending

---

[1] Defendant Tracy Renaud no longer holds office, and as such, Defendant Ur Mendoza Jaddou, director of USCIS, has been substituted as the defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

[2] The required value of the investment varies, but ranges from $500,000.00 to $1,800,000.00 depending on the type and area of investment. R&R at 2 (citing *Da Costa v. Immigr. Inv. Program Off.*, — F. Supp. 3d —, No. CV 22-1576 (JEB), 2022 WL 17173186 (D.D.C. Nov. 16, 2022) (appeal filed)).

with USCIS for approximately 40 months. *See* R&R at 14 ("Indeed, at the time of this R&R[3], Plaintiff's I-526 Petition has been pending before the USCIS for approximately 39 months.").

### B. Procedural History

Following the Complaint, Defendant filed the Motion to Dismiss on June 17, 2022. (ECF No. 23). Therein, Defendant asserts that this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim under the Mandamus Act in Count I, and additionally, that Plaintiff failed to state a claim for which relief may be granted under the APA in Count II. *See generally* Mot. This Court referred the Motion to United States Magistrate Judge Louis for an R&R. (ECF No. 29). In turn, Magistrate Judge Louis recommended that this Court grant the Motion to Dismiss as to Count I but deny the Motion to Dismiss as to Count II. (ECF No. 30). Defendant subsequently objected to Magistrate Judge Louis's findings. (ECF No. 31).

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

---

[3] The R&R was filed on February 6, 2023. As of the date of this order, the Petition will have been pending for over 40 months.

recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R&R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

**III.   DISCUSSION**

In the R&R, Magistrate Judge Louis concluded that this Court does not have subject matter jurisdiction over Plaintiff's claim under the Mandamus Act, and therefore Defendant's Motion to Dismiss Count I of Plaintiff's Complaint should be granted. *See* R&R at 7–8. Further, Magistrate Judge Louis concluded that "the Complaint sufficiently states a claim for the violation of the Administrative Procedure Act in Count II" and thus recommended that this Court deny Defendant's Motion to Dismiss the APA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See id.* at 14. Defendant objected to the R&R regarding Count II, arguing that Plaintiff's petition was not unreasonably delayed as a matter of law, and that Plaintiff failed to establish that any delay resulted in prejudice to her. *See generally* Obj. The Court agrees with the R&R regarding Count I but concludes that Count II should also be dismissed for failure to state a claim upon which relief can be granted.

  A.   *Mandamus Act*

Neither Party objected to Magistrate Judge Louis's finding that Plaintiff lacked subject matter jurisdiction to adjudicate the Mandamus Claim in Count I. Therefore, this Court reviews the R&R for clear error. *See Keaton*, 2015 WL 2780912, at *1.

Magistrate Judge Louis found that Plaintiff failed to plead any of the necessary jurisdictional requirements under the Mandamus Act. *See* R&R at 6–8. The Mandamus Act

provides that district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy is available.'" *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (internal citation omitted). Magistrate Judge Louis concluded that Plaintiff failed to establish that USCIS owed her a duty to adjudicate her 1-526 petition within 180 days. *See* R&R at 7–8; *see also* Compl. ¶ 11. Moreover, because Plaintiff also seeks relief for the delay under the APA, Magistrate Judge Louis found that Plaintiff cannot demonstrate that there is no other adequate remedy available. *See* R&R at 8. The Court agrees that Plaintiff has not stated a claim which confers mandamus jurisdiction to her. Finding no clear error, the Court adopts the R&R as to Count I and holds that Plaintiff lacks subject matter jurisdiction to assert her claim under the Mandamus Act.

*B. APA*

In Count II, Plaintiff claims that the adjudication of her I-526 petition was unreasonably delayed under the APA and that this Court should compel agency action. *See generally* Compl. (citing 5 U.S.C. § 702 *et seq;* 5 U.S.C. § 706(1)). Defendant moved to dismiss pursuant to Federal Rule of Procedure 12(b)(6). *See generally* Mot. Magistrate Judge Louis found that Plaintiff "sufficiently states a claim for the violation of the Administrative Procedure Act" and recommended that "the Motion to Dismiss be denied to the extent it seeks dismissal of Count II." R&R at 14. To support her finding, Magistrate Judge Louis stated that Plaintiff pled sufficient evidence at the motion to dismiss stage to demonstrate that she (1) was entitled to agency action on her I-526 petition, (2) that no action was taken to process her petition for over 19 months, which could plausibly constitute "unreasonable delay," under the APA, and (3) that she has been harmed

because of this delay. *See id.* Defendants properly objects to these findings. (ECF No. 31).

Defendant raises various objections to Magistrate Judge Louis's findings, each of which contribute to Defendant's overall argument that as a matter of law, it has not unreasonably delayed the adjudication of Plaintiff's I-526 petition.[4] First, Defendant argues this court should dismiss the claim in accord with another recent decision in the Southern District of Florida. *See* Obj. at 4-5 (citing *Osechas Lopez v. Mayorkas*, No. 22-cv-21733, 2023 WL 152640 (S.D. Fla. Jan. 10, 2023)). In addition, Defendant argues that the Court should take judicial notice of publicly available information on the Defendant's website and consider a nearly year-long statutory lapse in the Regional Program responsible for adjudicating I-526 petitions to determine whether an unreasonable delay exists. *See id.* at 5. Defendant's next objection argues that this Court should dismiss the action based on other court decisions and publicly available data regarding the processing times of similarly situated individuals seeking adjudication of their petitions. *See id.* at 5–6. Finally, Defendant argues that even if Plaintiff can plausibly allege undue delay, Plaintiff cannot demonstrate that she was prejudiced by the delay, which is required to state a claim. *See id.* at 7–8.

Following Defendant's objections, the Court reviews the R&R's findings *de novo*. Fed. R. Crim. P. 59(b)(3). The APA requires that "each agency shall proceed to conclude a matter presented to it" within a reasonable time. 5 U.S.C. § 555(b). Further, the Court is empowered to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706. Finally, Plaintiff must demonstrate a "showing of prejudice before agency action can be set aside for its

---

[4] The Court acknowledges and agrees with the R&R's finding that Plaintiff "is incorrect that 8 U.S.C. § 1571(b) requires adjudication of immigration petitions within 180 days." R&R at 14 n.7. This Court's analysis will therefore focus solely on the remaining argument that Plaintiff's I-526 Petition may have been "unreasonably delayed" under the APA. *See* Compl. ¶ 11.

lack of punctuality." *King v. Nat'l Transp. Safety Bd.*, 766 F.2d 200, 202 (5th Cir. 1985) (citation omitted). At this stage in the case, the Court must assess whether Plaintiff's Complaint contained "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). The Court addresses each objection below in turn.

Defendant's first objection that *Osechas* should inform this Court's decision is unavailing. *See* Obj. at 4-5. Defendant argues that in *Osechas*, Judge Williams "found that [] [the] [p]laintiff failed to state a claim under similar circumstances." *Id.* at 4. There, like in this case, the plaintiff argued pursuant to the APA that she was entitled to timely adjudication of her I-526 petition and that USCIS had unreasonably delayed doing so. *See generally Osechas*, 2023 WL 152640. Ultimately, the court in that case granted the defendant's motion to dismiss. *Id.* at 7.

However, *Osechas* is distinguishable because, as the R&R identifies, the court in *Osechas* decided the motion to dismiss by applying a six-factor test, the "TRAC factors," to determine whether there has been an unreasonable delay of agency action. R&R at 13; *Osechas* 2023 WL 152640, at * 5–7. Often used to determine whether agency delay was unreasonable, the "TRAC factors" are as follows:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (internal citations and quotations omitted). Only after an application of these factors did the

7

*Osechas* court find that there was no unreasonable delay in the adjudication of the plaintiff's I-526 petition. *See Osechas,* 2023 WL 152640, at *7. This analysis, however, is not applicable in the Instant Action.

As noted in the R&R, courts within the Eleventh Circuit are split on whether the "TRAC factors" may be applied at the motion to dismiss stage. R&R at 11–12 (citing *Lammers v. U.S. Citizenship & Immigr. Servs.*, No. 21-CV-668, 2021 WL 9408916, at *2 n.3 (M.D. Fla. July 28, 2021); *Girges v. Secy'y Dep't of Homeland Sec.*, No. 22-CV-158, 2022 WL 2274211, at *4 (M.D. Fla. June 8, 2022); *Mondragon Tinoco v. Mayorkas*, No. 20-CV-4787, 2021 WL 3603373, at *10 (N.D. Ga. Aug. 13, 2021). Other Courts have also noted that the fact-specific nature of the inquiry under the "TRAC factors" makes it ill-suited to determine the reasonableness of the delay at the motion to dismiss stage. *Moghaddam v. Pompeo*, 424 F. Supp. 3d 104, 117 (D.D.C. 2020) ("Undergoing such a fact-specific inquiry at this stage would be premature."); *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 598 (W.D. Tex. Nov. 13, 2019) ("[A]t the motion to dismiss stage," it would be "premature to address these [TRAC] factors."). The Court agrees with the aforementioned cases and finds that it is inappropriate to apply the "TRAC factors" at the motion to dismiss stage in this case.

Even if the Court was satisfied that it could apply the "TRAC factors" here, the record is insufficiently developed to do so. In *Osechas*, the plaintiff expressly briefed the "TRAC factors" on the motion to dismiss, and by doing so, the Court found the record was factually sufficient to undergo the "TRAC factor" analysis. *See id.* at *5 ("In this matter, Plaintiff—the non-movant— briefed the TRAC factors in her Response and accordingly, the Court considers the record appropriately developed to determine whether Plaintiff has adequately stated a claim for unreasonable delay."). In stark contrast, neither Party here has addressed the "TRAC factors" in

their briefings. *See* R&R at 13. Consequently, this Court finds that Parties' factual disputes should not be analyzed in a manner similar to *Osechas*.

The Court addresses Defendant's next objections together; each of them belies the argument that it did not unreasonably delay the adjudication of the I-526 petition as a matter of law. Specifically, Defendant argues that (1) the "Court can take judicial notice of the facts" on USCIS' website about the median historical processing time of I-526 petitions, which was 32.5 months in 2021; (2) "Plaintiff's Form I-526 could not have been approved during the sunset or statutory lapse of the Regional Center Program . . . [for] a period of 10.5 months" which occurred during the 19 months Plaintiff's I-526 petition was pending; and (3) "[n]umerous courts have concluded that immigration petitions pending longer than 30 months does [sic] not constitute unreasonable delay by the immigration agencies." Obj. at 5–7. In essence, Defendant argues that these objections demonstrate that "Plaintiff's Form I-526 has been pending less time than many other similarly situated Form I-526 petitioners," and accordingly, Plaintiff's wait time cannot be "unreasonable" under the APA. *Id.* at 6. None of these objections are sufficient to defeat Plaintiff's claim at the motion to dismiss stage.

Simply because Plaintiff's petition has been pending for less time than other similarly situated individuals, and less than the median processing time at the time of filing, does not mean that Plaintiff's petition has not been unreasonably delayed as a matter of law. When addressing this exact argument, other courts have noted that Defendant's comparison to other I-526 processing times fails "because even processing times at the low end of the range could be unreasonable." *Lammers*, 2021 WL 9408916, at *3 ("[a]n unreasonable delay that applies to every applicant is still unreasonable") (citation omitted). Therefore, accepting the facts of the Complaint as true as this Court must, it is plausible that Plaintiff's allegation that the 19-month delay in adjudicating

her I-526 petition is unreasonable under the APA.  Defendant's objections regarding whether the delay was unreasonable are thus unavailing.

Defendant's final objection argues that Plaintiff is unable to prevail on her claim because she is unable to demonstrate that she is prejudiced by any alleged delay in adjudicating her petition. *See* Obj. at 7–8.  In the R&R, Magistrate Louis found that Plaintiff "alleged that she has been harmed as a result of the delay."  R&R at 14.  Specifically, Plaintiff alleges prejudice in her Complaint through two means: (1) that she has been denied the unique benefits conferred to lawful permanent residents, and (2) she has been unable to accept an offer of employment without restriction.  *See* Compl. ¶ 19.  Defendant contests each alleged harm and avers that Plaintiff does not sufficiently allege prejudice to maintain her claim.  *See* Obj. at 7–8.

On this objection, the Court agrees with Defendant—Plaintiff has failed to allege harm sufficient to demonstrate prejudice.  First, Plaintiff's allegations that she was denied the "substantial and unique benefits conferred to lawful permanent residents," without more, does not establish prejudice.  *See FangFang Xu v. Cissna*, 434 F. Supp. 3d 43, 54 (S.D.N.Y. 2020) ("this sort of prejudice is inherent in the asylum application process; worthy applicants are not entitled to benefits until their applications have been assessed and approved").  Even if Plaintiff was entitled to the timely adjudication of her I-526 petition, the approval of an I-526 petition is just a preliminary step in the process of becoming a permanent resident in the United States.  *See* R&R at 3.  Therefore, even if the Court provided the relief Plaintiff is seeking by compelling the adjudication of the I-526 petition, that alone would not provide her with the benefits conferred to lawful citizens until the remainder of the process is complete.  Thus, the Court finds that this allegation of harm does not establish prejudice.

Plaintiff's second allegation of harm—that she was unable to accept an offer of

employment without restriction—is also insufficient to establish prejudice.  Defendant provided evidence that Plaintiff can adjust her residency status to obtain authorization for employment during the time that the I-526 petition is pending.  *See* Mot. at 18.  Though Plaintiff acknowledges Defendant's argument on this point, Plaintiff fails to provide any counterevidence or meaningful response in her Memorandum of Law in Opposition to Motion to Dismiss ("Pl. Mem") (ECF No. 24).  *See* Pl. Mem. at 7–8 ("Plaintiff's ability under the EB-5 Program's recent authorization to concurrently file for adjustment of status to obtain employment authorization while her Form I-526 processes . . . does not negate Plaintiff's $500,000 investment capital in a new commercial enterprise fully at risk of loss").  Plaintiff's invocation of her risk of loss in her investment provides no rebuttal to the assertion that Plaintiff may file for adjustment of status to gain employment during the processing of her I-526 petition.

The failure to respond to Defendant's argument constitutes a waiver.  *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (citing *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)).  Given that Plaintiff did not address Defendant's argument, the Court "deems [Plaintiff's argument] as abandoned."  *Haasbroek v. Princess Cruise Lines, Ltd.*, 286 F. Supp. 3d 1352, 1358 (S.D. Fla. 2017).  Consequently, Plaintiff has abandoned the argument that the inability to gain employment as a result of the alleged delay in adjudicating her I-526 petition results in prejudice.

Finally, the Court notes that Plaintiff referenced her "at risk investment capital" as a source of prejudice in her Memorandum of Law but not in her Complaint, and as such, the Court does not consider whether it constitutes grounds for prejudice.  *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir.2002) ("The scope of the review must be limited to the four corners of the complaint.") (citation omitted).  Even if the Court did consider this argument, it would fail.

Plaintiff understands that she was required to invest capital because an "EB-5 investor must file a Form I-526 . . . showing the petitioner's investment." Pl. Mem. at 1–2. Moreover, an EB-5 investor is "expected to remain invested for not less than 2 years" following the adjudication of the I-526 petition. 8 U.S.C. § 1153(e)(5)(A)(i). Further, Plaintiff was aware that the process of adjudicating her petition would take some amount of time. *See* Pl. Memo (arguing that the time to adjudicate Plaintiff's Petition is governed by a "rule of reason"). Given Plaintiff is seeking permanent residency to the United States through a capital investment program in which she knew that she would need to remain invested, Plaintiff cannot simultaneously use the associated risk of loss from that investment as a source of prejudice. Thus, even if the Court could consider this alleged harm, the risk of loss in the capital investment is not prejudicial.

## IV.     CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 30) is ADOPTED IN PART. Defendant's Motion (ECF No. 23) is GRANTED. Both Counts of Plaintiff's Complaint (ECF No. 1) are DISMISSED WITHOUT PREJUDICE. Plaintiff is permitted leave to amend her Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of March, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record